IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA GIUSTO,

    Plaintiff,

v.

RECONTRUST COMPANY, N.A.;
and U.S. BANK, NATIONAL
ASSOCIATION, as Successor
Trustee to Bank of America,
N.A. as Successor to LaSalle
Bank, N.A. as Trustee for
the Holders of the Merrill
Lynch First Franklin Mortgage
Loan Trust, Mortgage Loan
Asset-Backed Certificates,
Series 2006-FF2;

    Defendants.

Case No. 3:12-cv-00847-AA
O R D E R

AIKEN, Chief Judge:

    Defendants ReconTrust Company, N.A. and U.S. Bank, N.A., as successor trustee to Bank of America, as successor to LaSalle Bank, N.A., as trustee for holders of the Merrill Lynch First Franklin Mortgage Loan Trust, mortgage loan asset-backed certificates,

Page 1 - ORDER

series 2006-FF2 move to dismiss plaintiff Donna Giusto's complaint pursuant to Fed. R. Civ. P. 12(b)(6); in support of their motion, defendants request judicial notice of certain publicly-filed documents. Prior to responding to defendants' motions, plaintiff moved to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff's motion is granted and defendants' motions are denied with leave to refile.

This case arises out of an allegedly wrongful non-judicial foreclosure. On May 11, 2012, plaintiff filed a complaint in this Court, asserting claims for declaratory relief and breach of contract, both of which were premised on violations of the Oregon Trust Deed Act. On September 25, 2012, defendants moved to dismiss plaintiff's claims. On October 4, 2012, plaintiff sought leave to file an amended complaint in order to add several new claims and an additional defendant. Defendants do not oppose plaintiff's motion but "do not concede that [the] proposed pleadings state a viable claim for damages." Defs.' Resp. to Mot. Amend Compl. 2.

Therefore, because it is unopposed and, additionally, the Court finds that the proposed amendments are not futile, brought in bad faith, nor would they cause prejudice or undue delay, plaintiff's motion is granted. See Fed. R. Civ. P. 15(a); <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). As a result, however, defendants' motion to dismiss and request for judicial notice in support thereof are moot. <u>See</u>

Western Oil & Gas Ass'n v. Sonoma Cnty., 905 F.2d 1287, 1290 (9th Cir. 1990) ("the mootness inquiry asks whether there is anything left for the court to do"); see also Honeycutt v. La-Mesa Counseling-DVTP, 2012 WL 5818130, *1-2 (S.D.Cal. Nov. 15, 2012) (motion to dismiss was moot where the plaintiff was granted leave to file an amended complaint).

## CONCLUSION

Plaintiff's motion to amend the complaint (doc. 22) is GRANTED. Accordingly, defendants' request for judicial notice (doc. 20) and motion to dismiss (doc. 17), are DENIED as moot. Within 20 days of the date of this order, plaintiff shall file an amended complaint, at which point defendants may again move for dismissal. Finally, plaintiff's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this ___ day of December 2012.

_____
Ann Aiken
United States District Judge